239 So.2d 511 (1970)
John COOPER, Appellant,
v.
Grant CARROLL, Appellee.
No. 70-46.
District Court of Appeal of Florida, Third District.
September 29, 1970.
*512 Cohen & Hogan, and Alan E. Weinstein, Miami Beach, for appellant.
High, Stack & Davis and Lurie & Capuano and Robert Lazenby, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and BARKDULL, JJ.
CARROLL, Judge.
In this civil action brought by Grant Carroll as plaintiff against John Cooper, a minor, and others including a Trysting Place, d/b/a Six West, a notice of dismissal without prejudice was filed by the plaintiff under Rule 1.420(a) (1) F.R.C.P.,[1] 30 F.S.A. Promptly thereafter the plaintiff filed a motion reciting that his noticed dismissal of the action as to all defendants was done by mistake, in that it had been the intention of the plaintiff that the cause be dismissed only as to the defendant Six West, and requesting leave to file an amended notice which dismissed as to that defendant only.
The trial court after hearing granted the plaintiff's motion, and ordered that "the original notice of voluntary dismissal without prejudice filed herein by the plaintiff is hereby set aside and substituted therefor is plaintiff's amended notice of voluntary dismissal without prejudice." The latter, as thus authorized by the court's order, dismissed the cause as to the defendant Six West only. The defendant John Cooper took this appeal from that order.
Appellant contends first that upon the filing of the notice of dismissal the trial court was without power or jurisdiction to take any further action in the cause. In support of that contention appellant argues there was no authority under the rules of civil procedure to grant relief to the plaintiff from the effect of his filed notice of dismissal, contending that Rule 1.540 F.R.C.P., 31 F.S.A. authorizes relief only from a judgment or order, and not from a dismissal notice.
We do not agree. Rule 1.540(b) authorizes the trial court to relieve a party from a final judgment, decree, order or proceeding, for listed reasons including mistake or inadvertence. In authorizing dismissal of a cause by a plaintiff by the *513 filing of a notice, Rule 1.420 provides a short cut, or expeditious manner of disposition of a cause which otherwise would be accomplished by order of the court on motion of the party. Such action in the cause, equivalent to dismissal by court order, constitutes a "proceeding" therein from the effect of which the party involved can be granted relief by the trial court under Rule 1.540(b) in an appropriate instance. Here it is clear by the wording of the court's order that such relief was granted to the plaintiff, by setting aside the initial notice of dismissal. No abuse of discretion by the trial court in that connection was shown.
There remains for consideration the question of the effect of the further portion of the challenged order by which the trial court authorized the filing by the plaintiff of an amended notice of dismissal as to only the one defendant Six West.
The problem presented there is that the rule relating to dismissal by notice filed by a plaintiff refers to dismissal of "an action," and does not appear to authorize dismissal by such notice of part of the action, that is, as to one or more defendants without dismissal as to all defendants. The rule has been so construed.
In Scott v. Permacrete, Inc., Fla.App. 1960, 124 So.2d 887, 889, the first district court of appeal, speaking through Chief Judge Wigginton, said:
"* * * The mentioned rule [1.35(a) F.R.C.P., now numbered 1.420(a)] provides that a plaintiff may voluntarily dismiss his action without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or motion for summary judgment or decree. This rule has been construed as applicable only to a dismissal of the entire action or controversy as distinguished from a dismissal of any claim or cause of action against one or more, but less than all, of the defendants. (Shannon v. McBride, Fla.App. 1958, 105 So.2d 16; Crump v. Gold House Restaurants, Fla. 1957, 96 So.2d 215, 65 A.L.R.2d 637; Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir., 203 F.2d 105.) The proper method of dropping parties defendant from a suit is to move for and procure an order of court dismissing the complaint as to the designated defendant or defendants as permitted by Rule 1.18, F.R.C.P."
As indicated in the case just quoted from, when the trial court in this case set aside the initial notice of dismissal of the cause as to all defendants, the plaintiff's desired dismissal as to only one of the defendants could not properly be accomplished by a notice of dismissal filed under Rule 1.420, but rather by an order of the court under Rule 1.250 F.R.C.P. Here the dismissal without prejudice (as to Six West) was not by the amended notice alone. The acceptance by the trial court of the proffered amended notice as a basis for dismissal as to Six West made the dismissal as to that party one which was authorized by the court's order.
Accordingly, no reversible error having been made to appear, the order appealed from is affirmed.
NOTES
[1] That rule, which relates to voluntary dismissal, provides among other things that "an action may be dismissed by plaintiff without order of court (i) by serving or during trial, by stating on the record, a notice of dismissal at any time before the hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision;" and that such dismissal will be without prejudice where not otherwise stated in the notice, unless there has been a previous dismissal of such claim by the plaintiff.