244 So.2d 526 (1970)
RICH MOTORS, INC., a Florida Corporation, Petitioner,
v.
LOYD COLE PRODUCE EXPRESS, INC., a Florida Corporation, Respondent.
No. 70-414.
District Court of Appeal of Florida, Fourth District.
December 11, 1970.
Rehearing Denied February 18, 1971.
*527 John T. Christiansen and Donald J. Sasser, of Law Offices of Ronald Sales, Palm Beach, for petitioner.
No appearance for respondent.
CROSS, Chief Judge.
Petitioner, Rich Motors, Inc., by common law certiorari seeks review of an order entered by the trial court in favor of respondent, Loyd Cole Produce Express, Inc., reinstating a cause of action for damages for conversion of a motor vehicle. We grant certiorari and quash the order.
At the outset of the trial below, respondent-plaintiff sought to establish its ownership of the vehicle alleged to have been converted by eliciting testimony from an officer of respondent corporation. Petitioner objected on the grounds that ownership or right of interest could be established only if evidenced by a valid certificate of title, which respondent could not produce. After argument of counsel for the respective parties, it became apparent that the court was predisposed to sustain the objection in favor of petitioner. At that point counsel for respondent stated on the record, "We will take a voluntary dismissal." The jury was then discharged.
Sixteen days after the dismissal respondent filed a "Petition for Extraordinary Relief" wherein respondent sought a rehearing on the dismissal. In its petition respondent alleged that its voluntary "nonsuit" was in effect an involuntary dismissal; excusable neglect was asserted for respondent's untimely filing of the petition. The trial court reinstated the action, and this petition for writ of certiorari followed.
Petitioner alleges in its petition that the trial court was without jurisdiction to reinstate the action. We agree.
At one time it was common procedure in Florida for the plaintiff in an action to take a non-suit when, at the close of his case, the court announced its intention to direct a verdict for the defendant. Under the rules then in effect a non-suit made compulsory because of an adverse ruling which was preclusive of recovery was considered to be an involuntary non-suit, since at that point the plaintiff had no absolute right to a non-suit. Crews v. Woods, Fla. 1952, 59 So.2d 526; Hartquist v. Tamiami Trail Tours, 1939, 139 Fla. 328, 190 So. 533; J. Schnarr & Co. v. Virginia-Carolina Chemical Corp., 1934, 118 Fla. 258, 159 So. 39.
This procedure is no longer followed under the broader modern-day concept of the use of dismissals as embodied in F.R.C.P. 1.420, 30 F.S.A. Non-suits have been abolished in Florida. Crews v. Dobson, Fla. 1965, 177 So.2d 202.
Florida R.C.P. 1.420(a) (1) (i) provides that an action may be dismissed by a plaintiff without an order of court by serving, or by stating on the record during trial, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision. This is an absolute right of the plaintiff without order of court, which gives to the plaintiff absolute control over continuation of the litigation. Meyer v. Contemporary Broadcasting Company, Fla.App. 1968, 207 So.2d 325.
Since a trial court has no discretion under F.R.C.P. 1.420(a) (1) (i) in granting or denying a voluntary dismissal by a plaintiff, it follows, then, that a trial court has no authority to review a voluntary dismissal. *528 A voluntary dismissal of an action by the plaintiff pursuant to F.R.C.P. 1.420 (a) (1) serves to terminate the action and to divest the trial court of jurisdiction.
In the case sub judice, respondent-plaintiff had an absolute right to dismiss the action when the dismissal was voluntarily taken. Accordingly, the trial court was without jurisdiction to grant a rehearing on the dismissal or to reinstate the action.
Certiorari is granted, and the order reinstating respondent's cause of action is quashed.
McCAIN, J., and SACK, MARTIN, Associate Judge, concur.