345 So.2d 1084 (1977)
RANDLE EASTERN AMBULANCE SERVICE, INC., a Florida Corporation, Petitioner,
v.
Elena VASTA, As Administratrix of the Estate of Louis Vasta, Deceased, for the Benefit of Elena Vasta, Respondent.
No. 76-2215.
District Court of Appeal of Florida, Third District.
April 26, 1977.
Rehearing Denied June 1, 1977.
Stephens & Schwartz, Richard M. Gale, Miami, for petitioner.
Wolfson, Diamond, Logan & Edge, Miami Beach, Podhurst, Orseck & Parks, Joe N. Unger, Miami, for respondent.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PEARSON, Judge.
We are presented with a petition for writ of certiorari to review an action of the trial judge taken pursuant to Fla.R.Civ.P. 1.540. The final judgment set aside was a voluntary dismissal entered in open court pursuant to Fla.R.Civ.P. 1.420(a)(1)(i). The petitioner *1085 urges that the trial court was without jurisdiction to reinstate the action where the plaintiff had exercised her absolute right to voluntarily dismiss the cause by entering into the record her notice of dismissal. Secondly, the petitioner urges that the trial court departed from the essential requirements of law by a clear abuse of its discretion in finding good cause for the reinstatement where the mistake claimed was not due to inadvertence or excusable neglect, but due to a mistake of the application of the law to the facts.
The order under review was entered under circumstances as follows: Plaintiff, who is the respondent, brought an action to recover for alleged wrongful death against Randle Eastern Ambulance Service, Inc., the petitioner, urging negligence in the performance of the ambulance services. At the trial, the plaintiff attempted to introduce evidence that the ambulance service was negligent in that it arrived late in response to the call. The trial court ruled that this evidence was not admissible under the allegations of the complaint, whereupon, the plaintiff took a voluntary dismissal by means of the following announcement:
"MR. LOGAN [Plaintiff's Counsel]: After all of these discussions, we are taking a voluntary dismissal. If the statute hasn't run we'll have time to re-file."
Thereafter, almost three months later, plaintiff filed a "Motion For Relief From Judgment of Voluntary Dismissal." In the motion, the plaintiff alleged that prior to the voluntary dismissal, the death statute had run in the cause and that it was now too late to refile the action and that the voluntary dismissal had been taken as a result of mistake, inadvertence or excusable neglect. The trial court granted the motion for relief upon the following finding:
"The above referenced Voluntary Dismissal is considered a `proceeding' by this Court and therefore within the Court's jurisdiction to amend. See Cooper v. Carroll, 239 So.2d 511 (Fla.App.3d 1970).
"Plaintiff's motion for relief is granted due to counsel for the Plaintiff's mistake in asking for a Voluntary Dismissal subsequent to the running of the applicable Wrongful Death Statute of Limitations. This cause is reinstated."
We agree with the trial judge that this court's holding in Cooper v. Carroll, 239 So.2d 511 (Fla. 3d DCA 1970), supports his holding that a voluntary dismissal is a proceeding which may be reached by Fla.R. Civ.P. 1.540. We note the decision of the Fourth District in Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1970), which appears to be contrary to our holding in Cooper. Nevertheless, we adhere to our prior holding for the reasons stated in Cooper.
The discretion reposed in the trial judge by Fla.R.Civ.P. 1.540 is of the broadest scope and may be reversed only by a clear showing that the facts of the case do not legally support the exercise of that discretion. See Farish v. Lum's, Inc., 267 So.2d 325 (Fla. 1972). We, therefore, hold that there has been no showing of a departure from the essential requirements of the law.
Accordingly, the petition for writ of certiorari is denied.
It is so ordered.