354 So.2d 951 (1978)
A.E. ANDERSON, Jr., Petitioner,
v.
Verna S. LOVEJOY, Respondent.
John S. COWDERY, Petitioner,
v.
Verna S. LOVEJOY, Respondent.
Nos. GG-393, GG-439.
District Court of Appeal of Florida, First District.
February 7, 1978.
Robert M. Sharp and Bruce S. Bullock of Bullock, Sharp & Childs, and Joseph O. Stroud, Jr. of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for petitioners Anderson and Cowdery.
Neal D. Evans, Jr., Jacksonville, for respondent.
SMITH, Acting Chief Judge.
Two defendants in an action for personal injuries seek common law certiorari review of a trial court order setting aside, on plaintiff's motion, a notice of voluntary dismissal previously filed by plaintiff pursuant to Rule 1.420(a)(1)(i), Fla.R.Civ.P. The notice of dismissal operated under the Rule to dismiss plaintiff's action without prejudice and without the necessity for an order of dismissal. Plaintiff's prior counsel obtained her permission to dismiss the action on his advice that she could later refile; according to her affidavit, he did not advise her that the statute of limitations would bar a new action. But the statute apparently had run.
*952 The trial court acted in excess of its jurisdiction by entertaining plaintiff's motion to reactivate the dismissed action. The lawyer's erroneous advice, inducing the plaintiff to consent to the dismissal, was not remediable under Rule 1.540(b), Fla.R. Civ.P. See Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1970). Cooper v. Carroll, 239 So.2d 511 (Fla. 3d DCA 1970), is not to the contrary; the court there granted relief for plaintiff's unintended and inadvertent dismissal of his action as to all defendants. Nor is this a case in which plaintiff's attorney, without authority, dismissed or otherwise finally terminated plaintiff's case on the merits. See Palm Beach Royal Hotel, Inc. v. Breese, 154 So.2d 698 (Fla. 2d DCA 1963); Annot., 56 A.L.R.2d 1290 (1957). We disagree with Randle Eastern Ambulance Serv., Inc. v. Vasta, 345 So.2d 1084 (Fla. 3d DCA 1977), which is directly contrary to our decision.
The petitions for writ of certiorari are GRANTED and the order setting aside plaintiff's notice of voluntary dismissal is VACATED.
BOOTH, J., concurs.
ERVIN, J., dissents.
ERVIN, Judge, dissenting.
Is a voluntary notice of dismissal a proceeding contemplated by Fla.R.Civ.P. 1.540(b), permitting a trial court to relieve a party on the grounds of mistake, newly discovered evidence, etc.? The majority states it is not and relies upon Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1970). While Rich Motors, Inc. held that a trial judge has no discretion under Fla.R.Civ.P. 1.420(a)(1)(i) to grant or deny a voluntary dismissal, and therefore precludes him from reviewing such dismissal, the opinion made no reference at all to Rule 1.540. On facts practically identical to those involved in this case, the Third District Court of Appeal in Randall Eastern Ambulance Serv., Inc. v. Vasta, 345 So.2d 1084 (Fla. 3rd DCA 1977), held a voluntary notice of dismissal was appropriately reviewable by the trial court upon a Rule 1.540(b) motion. The court's opinion conceded it was in conflict with Rich Motors, Inc. A petition for writ of certiorari based upon conflict is presently pending before the Florida Supreme Court from that decision, but at the present time has neither been granted or denied.
While the rendition of a judgment by a court lacking jurisdiction is a clear departure from the essential requirements of law, Seaboard Airline R. Co. v. Ray, 52 Fla. 634, 42 So. 714 (1906), I am not disposed to conclude that when two or more district courts of appeal are in direct conflict, and a trial judge follows the one while rejecting the other, his judgment may be impeached by a reviewing court's determination it is a clear departure from the essential requirements of the law.
I would deny the petition for writ of certiorari.