LETTS, Judge.
This cause is affirmed.
We have given careful consideration to Judge Stettin’s well reasoned dissent, but cannot agree with his conclusion.
The point he believes to be controlling was not raised on appeal. Notwithstanding we would adopt the dissent, but for the existing counterclaim. Fla.R.Civ.P. 1.420(a)(2) clearly mandates that a voluntary dismissal cannot be taken save by leave of court, when a counterclaim has been filed. This vital distinction was fully appreciated by all parties to this cause when one considers the following language from a Motion for a Continuance filed by the plaintiff.
1. A notice of voluntary dismissal without prejudice was filed by plaintiff in this cause on June 15, 1977 and the notice of the intention to take a voluntary dismissal was communicated to defendant on June 14, 1977. Both parties then notified their witnesses and arranged their schedules in accordance with this procedure.
2. Both parties were unaware at the time of the existence of a counterclaim in this cause which prohibits the taking [of] a voluntary dismissal without leave of court.
3.Defendant contacted plaintiffs on June 21, 1977 and indicated its objection to a voluntary dismissal by the plaintiffs but agreed that a continuance of this matter would be in the best interest of all parties concerned. Plaintiff agrees and respectfully requests the cd'urt to grant a continuance and transfer this cause to another docket.
From the foregoing, it is obvious that all parties conceded that the cause could not be dismissed without leave of court and that in fact, it had not been. To us, this chain of events prevented a loss of jurisdiction.
AFFIRMED.
ANSTEAD, J., concurs.
STETTIN, HERBERT, Associate Judge, dissents with opinion.