378 So.2d 816 (1979)
Patricia TINSLEY, Thessalonia Tinsley and Allstate Insurance Company, Etc. et al., Petitioners,
v.
Lovett McDONALD, a Single Man, and Nathaniel Keith, a Single Man, Respondents.
No. 79-1320.
District Court of Appeal of Florida, Third District.
December 11, 1979.
Rehearing Denied January 18, 1980.
Adams & Ward and Amy Shield Levine, Miami, for petitioners.
Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Richard B. Burke, Miami, for respondents.
Before PEARSON and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
PEARSON, Judge.
This petition for a writ of common law certiorari, brought by the petitioners (defendants below) seeks review of a trial court order granting the plaintiffs' motion to set aside a voluntary dismissal. The petitioners claim that the granting of this motion is a departure from the essential requirements of law under the principles stated by the Supreme Court of Florida in Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), as applied in *817 Sun First National Bank of Delray Beach v. Green Crane & Concrete Services, Inc., 371 So.2d 492 (Fla. 4th DCA 1979); and Anderson v. Lovejoy, 354 So.2d 951 (Fla. 1st DCA 1978).
The plaintiffs instituted a lawsuit against the defendants in 1975, and then took a voluntary dismissal in that suit. In 1979, the plaintiffs refiled the same cause of action against the same defendants. Thereafter, the plaintiffs moved in the trial court for an order of voluntary dismissal without prejudice. Pursuant to the motion, the court entered an order, on March 29, 1979, stating that the cause was voluntarily dismissed without prejudice. Approximately a month later, the plaintiffs moved to set aside the voluntary dismissal by motion, alleging "[t]hat the Voluntary Dismissal Without Prejudice was taken in error." The trial court granted the plaintiffs' motion to set aside the voluntary dismissal, and this petition for a writ of common law certiorari followed.
It is first urged by the plaintiffs that review by common law certiorari is not appropriate in that there has been no showing that the ruling sought to be reviewed will cause material injury in any subsequent proceedings for which the remedy of appeal will be inadequate. We hold that common law certiorari is appropriate and rely upon the fact that the courts of this state have accepted this remedy in reviewing such orders in the past, presumably upon the theory that if the trial court is without jurisdiction to proceed with the cause, it should be terminated without further proceedings. See Randle Eastern Ambulance Service, Inc. v. Vasta, 345 So.2d 1084 (Fla. 3d DCA 1977), where this court accepted a petition for a writ of common law certiorari, with the case being subsequently quashed on other grounds by the Supreme Court of Florida at 360 So.2d 68; Sun First National Bank of Delray Beach v. Green Crane & Concrete Services, Inc., 371 So.2d 492 (Fla. 4th DCA 1979); Anderson v. Lovejoy, 354 So.2d 951 (Fla. 1st DCA 1978); and Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1970).
The petitioners urge that the law relative to the trial court's jurisdiction to set aside the voluntary dismissal for inadvertence of counsel has been settled in the Randle-Eastern case, where the Supreme Court of Florida said:
"The benefit of the dismissal privilege must carry with it commensurate responsibility  responsibility for counsel, as an officer of the courts, to ascertain the need for and the consequence of a voluntary dismissal before removing a client's cause from the adjudicatory process which counsel has set in motion. Correlative with this responsibility must be the risk, like so many others which attend counsel's judgmental decisions in the course of a trial, that the action taken may prove prejudicial to the ultimate success of the litigation. It has never been the role of the trial courts of this state to relieve attorneys of their tactical mistakes. The rules of civil procedure were never designed for that purpose, and nothing in Rule 1.540(b) suggests otherwise." 360 So.2d at 69
The plaintiffs seek to distinguish the holdings in Randle-Eastern and the other cited cases by pointing out that the second dismissal taken in the present case was not the same as the dismissal in the Randle-Eastern case, where there was no motion requiring action of the court to dismiss the suit. In the present case, however, it is argued that the second dismissal was by motion, with the resulting order specifically stating that the dismissal was without prejudice. It appears that this distinction is without substance because all voluntary dismissals, except in certain specified instances referred to in the rule, are without prejudice. See Florida Rule of Civil Procedure 1.420(a)(1). The portion of this rule which operates to bar the plaintiffs in the present instance is the sentence which states:
* * * * * *
"Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits *818 when served by a plaintiff who has once dismissed in any court an action based on or including the same claim."
* * * * * *
We, therefore, hold that this rule operates to bar further action on the plaintiffs' claim, inasmuch as the suit has been voluntarily dismissed on two occasions. Accordingly, the trial court had no discretion to relieve the plaintiffs of this tactical error under the holding of the Supreme Court of Florida in Randle-Eastern Ambulance Service, Inc. v. Vasta, supra.
Therefore, the order dated June 4, 1979, granting the plaintiffs' motion to set aside the voluntary dismissal without prejudice, is quashed.
It is so ordered.