407 So.2d 1095 (1982)
CAROLINA CASUALTY COMPANY, Appellant,
v.
GENERAL TRUCK EQUIPMENT & TRAILER SALES, INC., a Corporation, Appellee.
No. AE-425.
District Court of Appeal of Florida, First District.
January 6, 1982.
Charles T. Boyd, Jr., of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellant.
George D. Rotchford of Rotchford & Betancourt, Jacksonville, for appellee.
McCORD, Judge.
Appellant appeals the trial court's setting aside of its October 21, 1980, order dismissing with prejudice appellee General Truck's claim against appellant. We reverse.
In April 1979, appellee filed suit against appellant and Catawba Insurance Company, alleging that sometime between November 1, 1977, and April 14, 1978, a vehicle owned by appellee was stolen and that either appellant or Catawba had issued an insurance policy covering the loss. The complaint was dismissed without prejudice to file an amended complaint. Appellee filed several untimely amended complaints which were also dismissed without prejudice. Finally, on October 21, 1980, the trial court entered an order on motions to dismiss the latest amended complaint. In the order, the judge dismissed with prejudice the complaint against appellant and allowed appellee to file another amended complaint against Catawba. After obtaining new counsel on the case, appellee voluntarily dismissed its action against Catawba and on May 13, 1981, moved the trial court to set aside the October 21, 1980, order pursuant to Florida Rule of Civil Procedure 1.540(b) on the ground that the trial court mistakenly dismissed with prejudice the complaint against appellant.
The hearing on the motions that were the subject of the October 21, 1980, order was not reported. However, at the hearing on appellee's motion to set aside that order, the trial judge and the attorney for appellant stated on the record that, in their recollection, at that previous hearing, the then counsel for appellee announced in open court that he would proceed solely against Catawba and that he would agree to a dismissal as to appellant with prejudice. The attorney for Catawba had the *1096 same recollection, as shown by his affidavit in the record. In his order on the motion to set aside, the trial judge declared that there was no doubt that the then counsel for appellee agreed to the entry of the October 21, 1980, order dismissing with prejudice the action against appellant and that the order was properly entered and should stand. He ruled, however, that "simply in the interest of justice and to permit the plaintiff to have his day in court and overlooking any errors made in the case by plaintiff's counsel," the October order would be modified to read that the cause against appellant is dismissed without prejudice. That ruling was error since Rule 1.540(b), which gives a court the authority to relieve a party from a final order, makes no provision for such relief in the absence of mistake, inadvertence, surprise, excusable neglect or certain other conditions not pertinent here.
Further, according to Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), when a claimant voluntarily dismisses an action pursuant to Florida Rule of Civil Procedure 1.420(a)(1)(i), the trial court loses jurisdiction to set aside that voluntary dismissal under Rule 1.540(b). The evidence in this case supports a finding that appellee voluntarily dismissed its action against appellant pursuant to Florida Rule of Civil Procedure 1.420(a)(2). The reasoning employed in the Randle-Eastern case concerning a voluntary dismissal pursuant to Rule 1.420(a)(1)(i) applies equally to a voluntary dismissal under Rule 1.420(a)(2). Therefore, the trial court in the instant case was divested of jurisdiction over the claim against appellant as of the October 21, 1980, order and thus was powerless to relieve appellee from that dismissal.
REVERSED.
LARRY G. SMITH and WENTWORTH, JJ., concur.