420 So.2d 357 (1982)
Donald SILER, Father and Guardian for Lori Siler, and Lori Siler, a Minor, Appellants,
v.
LUMBERMENS MUTUAL CASUALTY COMPANY, etc., et al, Appellees.
No. 82-145.
District Court of Appeal of Florida, Fifth District.
October 6, 1982.
David L. Thomas, DeLand, for appellants.
J. David McFadden, Daytona Beach, for appellees Dennis E. Bertone and Barbara Bertone.
Terrence M. White of Cliff B. Gosney, Jr., P.A., Daytona Beach, for appellee Lumbermens Mut. Cas. Co.
Frank M. Palmour of Maron E. Lovell, P.A., Winter Park, for appellee American Liberty Ins. Co.
COWART, Judge.
Simply stated, appellants A (Lori Siler) and B (Donald Siler) sued C (Dennis Bertone) *358 and his insurer D (Lumbermens Mutual Casualty Company). C and his wife E (Barbara Bertone) filed an answer and counterclaim against A and B and their insurer F (American Liberty Insurance Company). A, B and F filed an answer to the counterclaim and also filed a cross-claim against C and D. A and B, appellants, settled their main claim and filed the following paper:
VOLUNTARY DISMISSAL WITH PREJUDICE
Comes now the Plaintiffs, Counter-Defendants and Cross-Plaintiffs, DONALD SILER, Father and next friend of LORI SILER, and LORI SILER, a minor, by and through their undersigned attorney, herein voluntarily dismisses the Defendants, Counter-Plaintiffs and Cross-Defendants, LUMBERMENS MUTUAL CASUALTY COMPANY and DENNIS BERTONE, from this action.
Apparently later, counsel for A and B became concerned that this paper not only served to eliminate A and B's main claim stated in their original complaint against C and D, but also eliminated A and B's cross-claim against C and D, which was filed in response to C and E's counterclaim against A, B and F. Accordingly, A and B moved under Florida Rule of Civil Procedure 1.540 for relief from the effect of their "voluntary dismissal with prejudice," alleging that, by that paper, A and B intended only to dismiss their original complaint and not their cross-claim. The trial judge denied appellant's motion on the authority of Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), which states that, once a notice of voluntary dismissal under Florida Rule of Civil Procedure 1.420(a)(1) is filed, the action is immediately dismissed without order of court and thereafter the trial court has no discretion or jurisdiction of the cause and no power to grant relief under Florida Rule of Civil Procedure 1.540. A and B, as appellants, take this non-final appeal from this order. Fla.R.App.P. 9.130(a)(5).
First, and most elementarily, Florida Rule of Civil Procedure 1.420 relates only to dismissal of actions and not to dismissal of parties from an action.[1] Notwithstanding what appellants may or may not have intended to accomplish by their paper styled "Voluntary Dismissal with Prejudice," a careful reading of it shows that it only attempted to dismiss C (Dennis Bertone) and D (Lumbermens Mutual Casualty Company) "from this action." Therefore, since this paper did not dismiss the action, under Rule 1.420 or otherwise, Randle does not apply and the trial court erred in relying on that case. Secondly, even if the paper were considered to be a notice of dismissal under Rule 1.420(a), Randle, and similar cases,[2] must be distinguished because in this case there was a counterclaim filed and, therefore, a voluntary dismissal under Rule 1.420(a)(1) was not authorized; any dismissal of the action must be under Rule 1.420(a)(2), which requires an order from the trial court. Ryder System, Inc. v. O'Connor, 369 So.2d 980 (Fla. 4th DCA 1979); Gull Construction Co. v. Hendrie, 271 So.2d 775 (Fla. 2d DCA 1973); Rice v. Fremow, 165 So.2d 447 (Fla. 2d DCA 1964). Since dismissals under Rule 1.420(a)(2) require an order of court, the mere filing of a notice of voluntary dismissal is ineffective to dismiss the cause and does not cause a loss of jurisdiction in the trial court. Ryder. Carolina Casualty Co. v. General *359 Truck Equipment & Trailer Sales, Inc., 407 So.2d 1095 (Fla. 1st DCA 1982), is contrary to Ryder, but we follow Ryder.
REVERSED and remanded for further proceedings.
ORFINGER, C.J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
Florida Rule of Civil Procedure 1.420(a)(1) provides only two exceptions to the power of a party plaintiff to dismiss his action. One is an action where property has been seized or is in the custody of the court. The other is during the pendency of a motion for summary judgment. No exception is mentioned in this section for actions wherein a counterclaim has been filed. In subsection (a)(2) of the rule, it is stated:
If a counterclaim has been served by a defendant prior to the service upon him of the plaintiff's notice of dismissal, the action shall not be dismissed against defendant's objections unless the counterclaim can remain pending for independent adjudication by the court. (Emphasis added.)
I do not find any requirement for a court order approving a plaintiff's dismissal in each instance in which a counterclaim has been filed. The rule simply prevents a plaintiff (counter-defendant) from dismissing a claim against himself where the counterclaimant objects and the counterclaim cannot remain pending. I disagree with the majority opinion in the Ryder case and believe the dissent therein correctly interprets the rule.
There is no indication in this record that the counterclaimants objected to the dismissal. I would affirm on authority of Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), and Carolina Casualty Co. v. General Truck Equipment & Trailer Sales, Inc., 407 So.2d 1095 (Fla. 1st DCA 1982).
Moreover, it seems elementary to me that the dismissal of all of the adverse parties is a dismissal of the plaintiff's action pursuant to Rule 1.420, as the trial judge thought, rather than the mere dropping of a party pursuant to Rule 1.250(b).
Accordingly, I dissent.
NOTES
[1] See, e.g., Cooper v. Carroll, 239 So.2d 511 (Fla. 3d DCA 1970); Scott v. Permacrete, Inc., 124 So.2d 887 (Fla. 1st DCA 1960).
[2] Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1970), and Sun First National Bank of Delray Beach v. Green Crane & Concrete Services, Inc., 371 So.2d 492 (Fla. 4th DCA 1979), constitute a line of cases holding that after a voluntary dismissal under Rule 1.420(a)(1) the trial court has no jurisdiction to grant a plaintiff's motion for relief under Rule 1.540. However, Rich, Randle and Sun Bank may only hold that the motions for relief under Rule 1.540 in those cases were insufficient; those cases do not hold that proper grounds for relief under Rule 1.540 from a notice of voluntary dismissal can never be alleged. See Shampaine Industries, Inc. v. South Broward Hospital District, 411 So.2d 364 (Fla. 4th DCA 1982).