428 So.2d 334 (1983)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,
v.
Glenda JOHNSON and James S. Johnson, Appellees.
No. 82-1724.
District Court of Appeal of Florida, Second District.
March 18, 1983.
*335 Albert B. Lewis of Piper, Esteva, Karvonen & Lewis, St. Petersburg, for appellant.
Robert J. Shapiro, Tampa, for appellees.
RYDER, Judge.
United Services Automobile Association (USAA) appeals from the trial court's granting of a motion for relief from an order of dismissal. The court's dismissal was granted after appellees had entered a voluntary dismissal against appellant for damages in an automobile accident. We reverse.
Appellant carried uninsured motorist protection for appellees Glenda and James S. Johnson. On January 23, 1977, the Johnsons were involved in a collision during which they were struck from behind by two vehicles. The first was driven by an uninsured motorist, not a party to the instant action. Appellees were struck a second time when the uninsured vehicle was hit by Charles S. Johnson, an insured of Allstate Insurance Company, and no relation to appellees.
In April 1980, appellees filed suit against both Charles Johnson and Allstate, as well as against USAA for the uninsured motorist coverage. After the case was filed, USAA argued successfully that all proceedings against it should be stayed pending the outcome of the action against Johnson and Allstate. An order of abatement as to USAA was entered on October 1, 1980, and the cause proceeded to discovery. Eventually, a settlement was reached among Johnson, Allstate and appellees. On April 6, 1981, a joint stipulation and an order of dismissal were entered dismissing the case against all parties concerned including USAA. Appellees subsequently filed a motion for relief from the dismissal order in January 1982 stating that the inclusion of USAA in the order had been either by mistake, inadvertance or excusable neglect pursuant to Florida Rule of Civil Procedure 1.540. The trial court entered an order on June 24, 1982, granting the relief and reinstating the cause of action against USAA from which this appeal is taken.
Despite the earlier voluntary dismissal, the trial judge herein asserted that he had retained jurisdiction both to hold an evidentiary hearing on the motion for relief and subsequently to grant the order of relief. Although he acknowledged the well-settled rule that the trial court loses jurisdiction to reinstate a cause of action after a voluntary dismissal under Florida Rule of Civil Procedure 1.420, he found the rule inapplicable in the case citing McKibbin v. Fujarek, 385 So.2d 724 (Fla. 4th DCA 1980). Additionally, he held that the joint stipulation and the order for dismissal had been signed erroneously as a result of confusion in procedure in the office of appellees' attorney, and so set aside the stipulation and order on the basis of "mistake and accidental slip of counsel." After reviewing the record, we disagree.
The case of McKibbin concerned a plaintiff who filed a suit in both Broward and Dade Counties for personal injuries. Pursuant to an agreement with opposing counsel, plaintiff filed a notice of voluntary dismissal in the Broward County action, but contended that the notice inadvertently contained the words "with prejudice." He was granted leave to amend his notice of dismissal to exclude those words in accordance with Florida Rule of Civil Procedure 1.540(a). Later, the appellate court found the elimination of "with prejudice" was error, but it did agree that the lower court had retained jurisdiction even after a voluntary dismissal to correct clerical mistakes and errors from oversight or omission under rule 1.540(a). See also Shampaine Industries, Inc. v. South Broward Hospital District, 411 So.2d 364 (Fla. 4th DCA 1982).
The current rule regarding jurisdiction after the entry of a voluntary dismissal was set out by the supreme court in Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978). There, the court *336 held that a voluntary dismissal under rule 1.420(a)(1)(i) terminates the action and divests the trial court of jurisdiction to entertain a later request by plaintiff to reinstate the original action. We followed the same rule in Bevan v. D'Alessandro, 395 So.2d 1285 (Fla. 2d DCA 1981). More recently, in Carolina Casualty Co. v. General Truck Equipment & Trailer Sales, Inc., 407 So.2d 1095 (Fla. 1st DCA 1982), the First District has held that the reasoning of Randle-Eastern concerning a voluntary dismissal under rule 1.420(a)(1)(i) applies equally to a voluntary dismissal under rule 1.420(a)(2). See also Anderson v. Lovejoy, 354 So.2d 951 (Fla. 1st DCA 1978); Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1970).
Therefore, we hold that the trial court was divested of jurisdiction in the instant case upon the entry of appellees' voluntary dismissal and cannot now entertain a motion to reinstate the proceeding.
In light of the above, we need not reach appellant's second point regarding appellees' entitlement to relief under rule 1.540(b).
Accordingly, having determined that the trial judge was without jurisdiction to hear appellees' motion to grant relief after entry of their voluntary dismissal, we reverse and remand the cause for proceedings consistent with this opinion.
REVERSED and REMANDED with instructions.
HOBSON, Acting C.J., and CAMPBELL, J., concur.