HENDRY, Judge.
The appellee, plaintiff below, filed suit against the appellants for damages alleged to be the result of appellants’ misrepresentations. Appellants filed a “counterclaim,” seeking attorneys’ fees on the ground that appellee’s complaint raised no justiciable issue of law or fact. Before the case went to trial, counsel for both parties agreed to take a voluntary dismissal without prejudice of the complaint and the counterclaim. The notices of voluntary dismissal filed by the parties actually dismissed the complaint with prejudice. Appellee later moved to amend the wording of the voluntary dismissal on the bases of inadvertence and mistake. The trial court found that there was inadvertence and error and allowed an amendment to reflect that this was a voluntary dismissal without prejudice. We affirm.
Rule 1.540(b), Florida Rules of Civil Procedure, allows for relief from judgments, decrees or orders when a party can show that there was mistake, inadvertence, surprise, or excusable neglect. The trial court specifically found that there was inadvertence and error in the taking of the voluntary dismissal with prejudice and we cannot conclude that he abused his discretion in so doing. Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla.1977); Singh v. Tolz, 380 So.2d 1326 (Fla. 4th DCA 1980); Kuykendall v. Kuykendall, 301 So.2d 466 (Fla. 1st DCA 1974).
Appellee here is not asking the trial court to reinstate his cause of action after taking a voluntary dismissal. Rather, he is asking that language inadvertently included in the voluntary dismissal be expunged. Thus, it is not necessary to reach the jurisdictional issues raised in Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978). Since Rule 1.540 allows a court to correct mistakes and errors at any time, Rule 1.540 may be used to afford relief to all litigants who can demonstrate the existence of the grounds set out in the Rule. Shampaine Industries, Inc. v. South Broward Hospital District, 411 So.2d 364 (Fla. 4th DCA 1982); McKibbin v. Fujarek, 385 So.2d 724 (Fla. 4th DCA 1980). Since the appellee demonstrated that the miswording of the notices of voluntary dismissal was the result of inadvertence and error, we conclude that the trial court properly allowed the amendment.
Affirmed.