445 So.2d 591 (1984)
PIPER AIRCRAFT CORPORATION, Appellant,
v.
Sandra PRESCOTT, as personal Representative of the Estate of Royce W. Prescott, Deceased, Appellee.
No. AR-152.
District Court of Appeal of Florida, First District.
January 20, 1984.
Rehearing Denied March 2, 1984.
*592 McClure & Gay, Fort Lauderdale, and Edna L. Caruso, West Palm Beach, for appellant.
Stephen A. Smith of Smith & Smith, Lake City, for appellee.
NIMMONS, Judge.
This is an appeal from a non-final order pursuant to Fla.R.App.P. 9.130(a)(5) granting plaintiff's motion for relief from voluntary dismissal.
The plaintiff, who had filed a notice of voluntary dismissal pursuant to Fla.R. Civ.P. 1.420(a)(1), filed a motion in the lower court seeking an order relieving her from the effect of her voluntary dismissal and reinstating the suit. The court granted her motion. We reverse.
This wrongful death action, which arose out of an airplane accident, was filed in the Circuit Court in Dixie County in March 1981. Venue of a companion case, which involved a claim for wrongful death of another occupant of the airplane, was transferred in November, 1981, to Indian River County. Thereafter, in March, 1982, plaintiff filed a second suit on the same wrongful death cause of action in Indian River County. On June 3, 1982, appellant Piper Aircraft Corporation (Piper), which had not yet been served with initial process in the first suit (the Dixie County suit), filed a motion to dismiss in the first suit for failure to prosecute. Prior to hearing on that motion, plaintiff filed the above referred notice of voluntary dismissal of the Dixie County suit.
In September, 1982, Piper filed a motion for summary judgment in the Indian River County suit claiming that the second suit was time-barred by the applicable limitations period. On December 3, 1982, the court in that case entered an order granting Piper's motion for summary judgment and entered final judgment thereon. However, after hearing on plaintiff's motion for rehearing, the court entered an order "staying" the Indian River summary judgment pending disposition of the Dixie County case.
Meanwhile, plaintiff had filed in the Dixie County case on November 11, 1982, her motion for relief from the voluntary dismissal. Her sworn motion, which was filed pursuant to Fla.R.Civ.P. 1.540(b), claimed that her attorney decided to file the second suit in Indian River County after Piper successfully asserted its venue privilege in the companion case and caused its transfer to Indian River County. Her attorney claimed the following: that plaintiff left the Dixie County case pending "so as to protect plaintiff's position relative to any possible statute of limitations"; that Piper's attorney called plaintiff's counsel and advised him of Piper's concern about the pendency of the two cases in different counties; that counsel for plaintiff and Piper *593 agreed that in order to convenience counsel for Piper and to avoid the necessity of conducting further proceedings to abate or transfer the Dixie County case, plaintiff would dismiss that case; that before plaintiff's counsel got around to dismissing the Dixie County case, Piper's attorney filed the motion to dismiss for failure to prosecute; that when plaintiff's counsel called Piper's attorney to remind him of their previously discussed plan, Piper's attorney confirmed that the "agreement" was still in effect; and that plaintiff's counsel then filed on June 22, 1982, the notice of voluntary dismissal.
At the hearing on the plaintiff's motion for relief from voluntary dismissal, counsel for Piper was present but did not participate in the hearing for fear of inadvertently subjecting his client to the jurisdiction of the court since Piper supposedly had never been served with initial process in the case. Therefore, Piper did not controvert the facts asserted by plaintiff. Such facts will be taken as true for purposes of this appeal.
In its January 17, 1983, order setting aside the voluntary dismissal and reinstating the action, the trial court found as follows: that Piper's attorney had induced plaintiff's counsel to dismiss the Dixie County case so that only one action would be pending; that the purpose in dismissing the case was to accomplish the same thing as a venue transfer and to convenience counsel for Piper; that, if not expressly agreed, it was implied in the agreement between counsel that "no harm would be-fall plaintiff as a result of any statute of limitations" if plaintiff voluntarily dismissed the Dixie County case; and that the case was dismissed by plaintiff "as a result of the artifice or misrepresentations of defendant, and not because of any tactical reasons or miscalculations by plaintiff's attorney."
We are of the view that plaintiff was not entitled to an order relieving her from the voluntary dismissal notice. Fla.R.Civ.P. 1.540(b)(3), upon which the court relied in granting plaintiff's motion for relief, provides in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons:
* * * * * *
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party... .
Even assuming the existence of fraud or misrepresentation within the meaning of Rule 1.540(b)(3), there was no "judgment, decree, order or proceeding" from which the court could relieve the plaintiff under that rule.
In Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), the Supreme Court dealt with a similar question. There, plaintiff's counsel took a voluntary dismissal but later filed a motion for relief from the dismissal upon learning that he had made a mistake concerning the running of the applicable statute of limitations. The Third District agreed with the trial court's granting of the motion on the theory that a voluntary dismissal was a "proceeding" which may be reached by a claim of mistake under Fla.R.Civ.P. 1.540(b), Randle-Eastern Ambulance Service, Inc. v. Vasta, 345 So.2d 1084, 1085 (Fla. 3rd DCA 1977). The Supreme court disagreed holding that no "proceeding" existed upon which Rule 1.540(b) could operate and that the trial court lost jurisdiction upon the filing of the Rule 1.420(a) voluntary dismissal. Stated the court:
The right to dismiss one's own lawsuit during the course of trial is guaranteed by Rule 1.420(a), endowing a plaintiff with unilateral authority to block action favorable to a defendant which the trial judge might be disposed to approve. The effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction." If the trial judge loses the ability to exercise judicial discretion or to adjudicate the cause in any way, it follows that he has no jurisdiction *594 to reinstate a dismissed proceeding. The policy reasons for this consequence support its apparent rigidity.
* * * * * *
We approve the view of the First and Fourth District Courts of Appeal that a voluntary dismissal under Rule 1.420(a)(1)(i) divests the trial court of jurisdiction to relieve the plaintiff of the dismissal.
360 So.2d at 69.
In Randle-Eastern, the Supreme Court cited with approval our decision in Anderson v. Lovejoy, 354 So.2d 951 (Fla. 1st DCA 1978), pet. for review denied 366 So.2d 396. In that case, plaintiff's prior counsel filed a notice of voluntary dismissal. Subsequently, she filed a motion under Rule 1.540(b) for relief from the dismissal claiming that her attorney had advised her that she could refile although, in fact, the period of limitations had already run. We reversed the trial court's order granting the plaintiff's motion and stated:
The trial court acted in excess of its jurisdiction by entertaining plaintiff's motion to reactivate the dismissed action. The lawyer's erroneous advice, inducing the plaintiff to consent to the dismissal, was not remediable under Rule 1.540(b), Fla.R.Civ.P.
354 So.2d at 952.
Plaintiff asserts that her situation is controlled by the post-Randle-Eastern case of Shampaine Industries, Inc. v. South Broward Hospital District, 411 So.2d 364 (Fla. 4th DCA 1982). There, the plaintiff sought relief from a Rule 1.420(a) notice of voluntary dismissal in which plaintiff asserted that its attorney's secretary had inadvertently included the words "with prejudice" in the notice of dismissal. The Fourth District affirmed the trial court's granting of the plaintiff's motion. The court held that the error in the notice of dismissal was a clerical mistake correction of which a trial court is empowered to make at any time pursuant to Rule 1.540(a). The Fourth District distinguished that situation from that which was before the Supreme Court in Randle-Eastern:
The [Randle-Eastern] court's careful use of the qualifying phrases "volitional dismissal" and "tactical mistakes" strongly suggests to us an intention to withhold Rule 1.540(b) relief only in those situations in which, as was the case in Randle, a voluntary dismissal is entered deliberately and as a result of attorney miscalculation.
* * * * * *
In our view a dismissal with prejudice found to have been entered as the result of secretarial error is simply not a "volitional dismissal" as we understand the term... .
411 So.2d at 367. Unlike Shampaine, however, plaintiff's voluntary dismissal in the instant case was volitional. Plaintiff intended for the case to be dismissed just as the notice of voluntary dismissal indicated. The fact that the decision to dismiss, as the trial court found, was induced by "artifice or misrepresentations of defendant" does not, in our view, qualify the plaintiff for relief by reinstatement of the dismissed action.
Our holding should, in no way, be construed as authority precluding plaintiff from raising such "artifice or misrepresentations" in a subsequently filed action (such as the Indian River County case) as an estoppel to Piper's raising a statute of limitations defense. Compare A & G Aircraft Service, Inc. v. Johnson, 192 So.2d 74 (Fla. 4th DCA 1966). Moreover, our disposition of the issues before us is in no way affected by plaintiff's success or failure in asserting such estoppel argument in the Indian River County case.
The order appealed is REVERSED and the cause is REMANDED to the trial court for the entry of an order denying plaintiff's motion for relief from voluntary dismissal.
THOMPSON, J., concurs.
ERVIN, C.J., specially concurs.
ERVIN, Chief Judge, specially concurring.
As the majority's opinion reflects, Randle is the controlling case on whether a *595 trial court loses jurisdiction to proceed once a plaintiff announces a voluntary dismissal of his action. As a plaintiff's voluntary dismissal has the effect of barring any later action which could be favorable to a defendant, it follows that public policy requires the plaintiff to bear the concomitant risk that the dismissal "may prove prejudicial to the ultimate success of the litigation." Randle, 360 So.2d at 69.
The majority of decisions addressing this issue post-Randle have taken the opinion to mean precisely what it says: "[W]hen a claimant voluntarily dismisses an action pursuant to Florida Rule of Civil Procedure 1.420(a)(1)(i), the trial court loses jurisdiction to set aside that voluntary dismissal under Rule 1.540(b)." Carolina Casualty Company v. General Truck Equipment & Trailer Sales, Inc., 407 So.2d 1095, 1096 (Fla. 1st DCA 1982) (e.s.). See generally Heston v. Vitale, 432 So.2d 744 (Fla. 4th DCA 1983); United Services Automobile Association v. Johnson, 428 So.2d 334 (Fla. 2d DCA 1983); Knight v. County of Alachua, 396 So.2d 846 (Fla. 1st DCA 1981); American Home Assurance Co. v. Fredrikson, 391 So.2d 358 (Fla. 2d DCA 1980); Tinsley v. McDonald, 378 So.2d 816 (Fla. 3d DCA 1979); Hayden v. Hayden, 373 So.2d 436 (Fla. 3d DCA 1979); Sun First National Bank of Delray Beach v. Green Crane & Concrete Services, Inc., 371 So.2d 492 (Fla. 4th DCA 1979).
A growing number of intermediate appellate courts, however, in an attempt to circumvent Randle's holding that a trial court lacks jurisdiction to afford relief from a voluntary dismissal on any of the grounds provided in Rule 1.540(b), have fashioned "exceptions" to Randle's broad rule of preclusion. Some state that Randle does not apply to situations in which a plaintiff voluntarily "dismisses" parties to an action rather than the entire action itself. See Siler v. Lumbermens Mutual Casualty Company, 420 So.2d 357 (Fla. 5th DCA 1982); Gonzalez v. Turner, 427 So.2d 1123 (Fla. 3d DCA 1983). A "narrow exception" has also been carved out where "a fraud on the court is attempted by the filing of the voluntary dismissal, in which case the court may strike the voluntary dismissal and reinstate the matter." Romar International, Inc. v. Jim Rathman Chevrolet/Cadillac, Inc., 420 So.2d 346, 347 (Fla. 5th DCA 1982) (e.s.); Bevan v. D'Alessandro, 395 So.2d 1285 (Fla. 2d DCA 1981); Select Builders of Florida, Inc. v. Wong, 367 So.2d 1089 (Fla. 3d DCA 1979). Finally, as the majority observes, it has been held that a voluntary dismissal does not divest a trial court of its inherent power and jurisdiction to correct clerical, as opposed to substantive, errors pursuant to Rule 1.540(a). See Shampaine Industries, Inc. v. South Broward Hospital District, 411 So.2d 364 (Fla. 4th DCA 1982); McKibbin v. Fujarek, 385 So.2d 724 (Fla. 4th DCA 1980). See also Atlantic Associates, Inc. v. Laduzinski, 428 So.2d 767, 768 (Fla. 3d DCA 1983) (where litigant can demonstrate existence of any grounds set out in Rule 1.540, trial court may correct alleged mistakes and errors at any time).
The present case presents yet another wrinkle in the debate over whether Randle precludes relief from voluntary dismissals regardless of the grounds asserted. Here appellee relied on neither Rule 1.540(a) (clerical mistake) nor 1.540(b)(1) (mistake, inadvertence, surprise or excusable neglect). Instead, she sought relief from the voluntary dismissal pursuant to Rule 1.540(b)(3), which provides for relief from judgment in those instances where the judgment results from "fraud ..., misrepresentation or other misconduct of an adverse party; ... ." (e.s.) If, as this court and others have interpreted Randle, a trial court is divested of jurisdiction to grant relief under any of the five grounds set out in Rule 1.540(b), then relief was improperly granted below, even in light of the very compelling facts of this case.
Although the facts before us inspire a strong temptation to apply still another exception to Randle, I feel obligated to concur with my colleagues' decision that Randle is controlling and requires reversal. Randle clearly holds that Rule 1.540(b) may not be used to enable "the trial courts of this state to relieve attorneys of their *596 tactical mistakes." 360 So.2d at 69. If that principle is to be "revisited, reconsidered, or revised, that prerogative rests exclusively with the Supreme Court and not with us." Dozier v. Wood, 431 So.2d 184, 187 (Fla. 1st DCA 1983). Pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), however, I would certify to the Supreme Court the following question which, in my view, is of great public importance:
WHETHER A VOLUNTARY DISMISSAL DIVESTS A TRIAL COURT OF JURISDICTION TO RELIEVE A PLAINTIFF OF SUCH DISMISSAL WHEN IT IS ALLEGED, PURSUANT TO RULE 1.540(b)(3), THAT THE DISMISSAL WAS CAUSED BY THE FRAUD, MISREPRESENTATION OR OTHER MISCONDUCT OF AN ADVERSE PARTY?