453 So.2d 489 (1984)
Barbara J. MILLER, Petitioner,
v.
FORTUNE INSURANCE COMPANY, Respondent.
No. 84-1002.
District Court of Appeal of Florida, Second District.
July 27, 1984.
*490 Associates and Bruce L. Scheiner, Fort Myers, for petitioner.
Charles P. Schropp and William A. Gillen, Jr. of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for respondent.
CAMPBELL, Judge.
This is a petition for writ of certiorari to review an order of the circuit court affirming the county court's denial of petitioner's request to remove the words "with prejudice" from her notice of voluntary dismissal. We cannot determine that the lower courts departed from the essential requirements of law and, therefore, deny certiorari.
Petitioner, Barbara J. Miller, initially filed suit in county court against Fortune Insurance Company for medical expenses incurred as a result of an automobile accident. Subsequently, petitioner filed a notice of voluntary dismissal "with prejudice" dismissing the action. Thereafter, petitioner filed, pursuant to Rule 1.540(b), Florida Rules of Civil Procedure, a motion for relief from voluntary dismissal on the ground that the filing of the notice "with prejudice" was the result of secretarial error. In support of her motion, she filed two affidavits executed by her attorney and his secretary, which stated that the filing of the notice "with prejudice" was in fact the result of secretarial error and/or excusable neglect.
The county court denied petitioner's motion for relief and she appealed to the circuit court, which affirmed the county court's order. She thereupon sought review in this court by certiorari.
Since we are provided with no record in this case, we cannot determine the basis of the trial judge's ruling denying the motion to remove the words "with prejudice" from the notice of voluntary dismissal. It appears that if the trial judge intended to deny the motion on the basis that he did not believe the affidavits that the words "with prejudice" were placed on the notice as a result of clerical or secretarial error, an evidentiary hearing should have been held and live testimony presented. However, the ruling of the trial court can be sustained as a matter of law on the basis of the holding in Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), that a trial court is divested of jurisdiction once there is a voluntary dismissal of an action. See also Piper Aircraft Corporation v. Prescott, 445 So.2d 591 (Fla. 1st DCA 1984); United Services Automobile Association v. Johnson, 428 So.2d 334 (Fla. 2d DCA 1983).
In Randle, the plaintiff brought a wrongful death action against Randle-Eastern Ambulance Service, Inc. for negligence in performing ambulance services. At trial, the plaintiff was prohibited from introducing certain evidence and, thereupon, voluntarily dismissed the suit. Prior to dismissing the action, the statute of limitations had expired. Subsequently, the plaintiff filed a motion for relief from the voluntary dismissal citing Rule 1.540(b), Florida Rules of Civil Procedure. The trial court granted the motion for relief and reinstated the cause of action. On appeal, the supreme court held that the plaintiff's voluntary dismissal divested the court of jurisdiction to relieve the plaintiff from the dismissal and, thus, the court had no jurisdiction to reinstate the cause of action.
In denying certiorari and holding in accordance with Randle, we consider that we are in conflict with the holding in Shampaine Industries, Inc. v. South Broward Hospital District, 411 So.2d 364 (Fla. 4th DCA 1982). In Shampaine, the plaintiff sought to have the words "with prejudice" removed from her intentionally filed voluntary dismissal contending that the words were inadvertently included in the dismissal. The appellate court affirmed the trial court and allowed the words to be removed, stating that relief is available for voluntary dismissals entered as a result of mistake, inadvertence or excusable neglect. We *491 have some difficulty in deciding exactly what the court in Shampaine has held.[1] The fourth district there observed that it was possible to distinguish Randle from Shampaine on the basis that Randle involved a motion to reinstate the cause of action, and Shampaine was a motion to correct the dismissal by expunging the words "with prejudice." However, the court concluded that such a distinction "would be both highly academic and unjustified." We agree that such a distinction is one without a difference. The fourth district also concluded that if, as stated in Randle, the court loses jurisdiction on a voluntary dismissal, it matters not whether the dismissal was "with prejudice" or "without prejudice." We also agree with that conclusion. The Shampaine court then seems to focus on whether the dismissal was "volitional" or deliberate. They conclude that Randle intended to withhold Rule 1.540(b) relief only where the voluntary dismissal was entered deliberately, and as the result of attorney miscalculation. The Shampaine court then decides that the voluntary dismissal was "with prejudice," rather than "without prejudice," because of secretarial error and, therefore, it was not a "volitional dismissal," and 1.540(b) relief was available. That final decision seems to contravene the courts other conclusions that it matters not whether the dismissal was with prejudice or without, because in Shampaine there was no dispute that there was an intent to dismiss, but just not with prejudice.
The Shampaine court thus seems to be using the mistake in dismissing with prejudice to convert the intentional dismissal into an unintentional dismissal. We cannot agree with that position because we believe Randle clearly holds that either type of voluntary dismissal causes the court to lose jurisdiction. We could probably concur with Shampaine if their final conclusion hinged purely on whether any dismissal at all was intended. If, therefore, a dismissal, whether with prejudice or without, was mistakenly filed, relief under Rule 1.540(b) might be appropriate. But Shampaine, though originally appearing to have made that holding, upon closer examination, rests the distinction on the mistaken use of the words "with prejudice."
Since we have no record here, we cannot determine the underlying reasons for the dismissal. However, we conclude that makes no difference, for if the court loses jurisdiction, it is lost for all purposes. There is also no representation here that petitioner did not intend to dismiss at all, and that the dismissal, whatever its nature, was a mistake.
Therefore, we affirm the decision of the trial court and deny petitioner's request for certiorari.
SCHOONOVER, J., concurs.
GRIMES, A.C.J., concurs specially with opinion.
GRIMES, Acting Chief Judge, concurring specially.
The taking of the voluntary dismissal in this case was clearly volitional. Only the inclusion of the words "with prejudice" might be considered nonvolitional and therefore subject to correction under rule 1.540(b). Under this rationale, a party's attorney could not be relieved of the unanticipated consequence of an act he intended to take, but he could be relieved of the consequences of an act he did not intend to take. Misapprehension of law or fact would fall within the first category, while secretarial error would fall within the second.
I might be persuaded to this view if we were writing upon a clean slate. See Chief Judge Ervin's concurring opinion in Piper Aircraft Corp. v. Prescott, 445 So.2d 591 (Fla. 1st DCA 1984). However, Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), plainly holds that the taking of a voluntary dismissal *492 divests the court of jurisdiction to grant any relief even by way of rule 1.540. If the law on this subject is to be changed, it can only be accomplished by the supreme court.
NOTES
[1] Though the Shampaine court certified the question, apparently neither party elected to present the issue to the supreme court.