RYDER, Chief Judge.
The defendants appeal a trial court order which granted the plaintiffs motion to expunge the words “with prejudice” from a notice of voluntary dismissal under Florida Rule of Civil Procedure 1.540(b). We reverse.
A voluntary dismissal under Florida Rule of Civil Procedure 1.420(a)(l)(i) divests a trial court of jurisdiction to relieve a plaintiff of the dismissal. Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla.1978); Miller v. Fortune Insurance Co., 453 So.2d 489 (Fla. 2d DCA 1984); United Services Automobile Association v. Johnson, 428 So.2d 334 (Fla. 2d DCA 1983). After a party dismisses an action “with prejudice,” the court no longer has jurisdiction to correct the dismissal by expunging the words “with prejudice,” even if the mistaken use of words was a result of secretarial error or excusable neglect. Miller, 453 So.2d at 490; United Services, 428 So.2d at 335. But see Bender v. First Fidelity Savings and Loan Assoc. of Winter Park, 463 So.2d 445, 446 (Fla. 4th DCA 1985); Shampaine Industries, Inc. v. South Broward Hospital District, 411 So.2d 364, 367 (Fla. 4th DCA 1982).
In this case, the trial judge was without jurisdiction to grant appellee’s motion to expunge the words “with prejudice” from appellee’s voluntary dismissal.
Reversed.
SCHEB and DANAHY, JJ., concur.