SMITH, Chief Judge.
Appellant filed a dissolution action in Santa Rosa County and thereafter sought to voluntarily dismiss the action. The trial court, on motion by appellee, entered the order on appeal, striking appellant’s voluntary dismissal and changing venue of the action from Santa Rosa County to Manatee County.
Appellant’s notice of voluntary dismissal was filed after service of appellee’s counterclaim and therefore the trial court had jurisdiction to strike the notice of voluntary dismissal and change venue of the action. Rule 1.420(a)(2), Fla.R.Civ.P.; Siler v. Lumbermens Mutual Casualty Co., 420 So.2d 357 (Fla. 5th DCA 1982); McFarley v. McFarley, 353 So.2d 1250 (Fla. 2d DCA), cert. denied, 364 So.2d 888 (Fla.1978); and Cooper v. Cooper, 194 So.2d 278 (Fla. 2d DCA 1967). Appellant’s contention that by operation of rules 1.080(b) and 1.090(e), Florida Rules of Civil Procedure, she had five days from service of appellee’s counterclaim to take a voluntary dismissal lacks logic and legal precedent.
AFFIRMED.
ERVIN and NIMMONS, JJ„ concur.