McNULTY, Judge.
Appellant Gull Construction Company was one of several lien claimants joined as defendants in a foreclosure action brought by still another lienor. Named aá defendants also were appellees J. Q. and Lois Hendrie, record owners of the property under the lien, who filed a cross-claim against appellant. Appellant answered the Hendries’ cross-claim but did not initially cross-claim against anyone. Subsequently, the plaintiff and all other lienors with the exception of appellant filed notice of voluntary dismissals pursuant to rule 1.420(a), (b), R.C.P., 30 F.S.A. Thereafter, appellant moved to amend its answer to the Hendries’ cross-claim, so as to assert a counterclaim against them, and served a copy of such motion upon them by mail on January 27, 1971.[1] The following day the Hendries served notice of the voluntary dismissal of their cross-claim against appellant. The trial judge, apparently because of all the voluntary dismissals, thereafter denied appellant’s motion to amend as aforesaid and this appeal ensued. We reverse.
In the present posture of the case only appellant and the Hendries are involved; and the obvious question before us is whether appellant’s motion to amend stayed the effect of the Hendries’ notice of voluntary dismissal served the day after. We think it did.
 While it is true that rule 1.420(a) (2), R.C.P., relating to voluntary dismissals, prohibits such dismissal of an action to the prejudice of a pending counterclaim, and does not specifically contemplate a pending motion for leave to file one, we believe the rule is equally applicable in either case. The proper and timely taking of any action permitted by the rules of civil procedure tolls or stays the progress of the cause until such action is resolved either by the parties or the court as the rules in such case contemplate.[2] So it is here. Appellant properly and timely sought to amend his pleadings pursuant to rule 1.190, R.C.P. The effect of a subsequent notice of voluntary dismissal was therefore stayed.
Now, as to the denial of the motion to amend which we are directly reviewing, we simply allude again to the rule relating to amendments generally, i. e., rule 1.190, supra. Expressly, amendments to pleadings should be permitted “freely when justice so requires.” [3] Here, however, the trial court apparently denied the motion to amend because of the voluntary dismissals, as noted, and not because justice did not require a contrary course. He erred in this respect.
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings not inconsistent herewith.
MANN, C. J., and HOBSON, J., concur.

. This motion must be deemed served when mailed pursuant to rule 1.080(b), R.C.P.

. Cf., State ox rel. Park Towers Assoc. v. District Court (Fla.1969), 221 So.2d 136. Cf., also, Rule 1.140(a)(1), (2), F.R.C.P.

.Rule 1.190(a), R.C.P.