POLEN, Judge.
Appellants bring this appeal from the trial court’s order, which determined that the court lacked jurisdiction to rule upon their motion for leave to file counterclaim and crossclaim, due to the fact that appel-lee had voluntarily dismissed the underlying action at a time when no counterclaim was pending. We reverse.
Appellee, Commvest Securities, Inc., controlled a portfolio account consisting of approximately $100,000.00 to which several of the appellants asserted differing claims. Commvest filed a complaint for interpleader and Our Gang answered and counterclaimed. Commvest moved to dismiss the counterclaim and the trial court orally granted that motion at a February 27, 1990 hearing. The parties exchanged a proposed order, however the order was not signed by the trial court. Apparently Commvest advised Our Gang, after the hearing, that Commvest no longer possessed the disputed funds. It has been asserted on appeal that the parties’ attorneys mutually agreed that neither counsel would submit an order implementing the lower court’s February 27, 1990, ruling until Commvest furnished Our Gang with affidavits explaining the disappearance of the funds. No such agreement is evidenced in the record.
Commvest added its clearing broker, Herzog, as a party defendant to the lower court action and in July, 1990, Commvest filed an amended complaint, alleging that Herzog disobeyed Commvest’s instruction to freeze the subject account, allowing one of the defendants to effect transfer of the assets to a different brokerage house and ultimately into that defendant’s own hands. On August 30, 1990, the trial court granted Herzog’s motion to compel arbitration, and stayed the “entire action” pending completion of the arbitration.
Some five months later, on February 6, 1991, Our Gang filed a motion for leave to file a counterclaim against Commvest and a crossclaim against two of the plaintiffs, attaching to this motion a copy of its proposed counterclaim and crossclaim. At the same time Our Gang filed a motion for clarification of the scope of the stay order, arguing that the action should not be stayed as it related to the claims between Commvest and Our Gang. Our Gang filed an amended motion for leave to file counterclaim on March 14,1991, again attaching a copy of the proposed counterclaim. All of these motions were served on Commvest.
Hearing on Our Gang’s amended motion for leave to file a counterclaim was delayed twice, once due to Commvest, and once due to the trial court. The hearing was re-noticed for April 9, 1991. On April 8, 1991, one day before the hearing, Commvest filed a notice of voluntary dismissal. The following day, April 9, 1991, the trial court declined to rule on Our Gang’s motion for leave to file counterclaim and crossclaim, finding “that [the court] lacks jurisdiction due to the voluntary dismissal of this action when no counterclaim was pending.” Just prior to denying Our Gang’s motion for rehearing, the trial court entered a nunc pro tunc order regarding the matters orally ruled upon on February 27, 1990.
*544 Our Gang argues that the trial court erred in ruling that it lacked jurisdiction to consider its motion for leave to file an amended counterclaim and crossclaim, relying upon Gull Constr. Co. v. Hendrie, 271 So.2d 775 (Fla. 2d DCA 1973). It argues that because its motion for leave to file a counterclaim was pending, the trial court was prohibited from dismissing the action pursuant to Florida Rule of Civil Procedure 1.420(a)(2). That rule provides in pertinent part:
Rule 1.420 DISMISSAL OF ACTIONS (a) Voluntary Dismissal.
(1) By Parties. Except in actions in which property has been seized or is in the custody of the court, any action may be dismissed by plaintiff without order of court (i) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision ....
(2) By Order of Court; If Counterclaim. Except as provided in the subdivision (a)(1) of this rule, an action shall not be dismissed at a party’s instance except on order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been served by a defendant prior to the service upon him of the plaintiffs notice of dismissal, the action shall not be dismissed against defendant’s objections unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
(emphasis added).
In Gull, the court noted that rule 1.420(a)(2) prohibited the voluntary dismissal of an action to the prejudice of a pending counterclaim, and did not “specifically contemplate” a pending motion for leave to file a counterclaim. Gull, 271 So.2d at 776. The court reasoned, however, that rule 1.420(a)(2) was equally applicable when a motion for leave to amend an answer in order to assert a counterclaim was pending, stating that “[t]he proper and timely taking of any action permitted by the rules of civil procedure tolls or stays the progress of the cause until such action is resolved either by the parties or the court as the rules in such case contemplate.” Id. The court concluded that because the appellant properly and timely sought to amend his pleadings, the effect of a subsequent notice of voluntary dismissal was therefore stayed. Id.
We read rule 1.420(a)(2) as prohibiting Commvest’s voluntary dismissal of the action. Our Gang’s amended motion for leave to file a counterclaim was pending at the time Commvest voluntarily dismissed its action, and Our Gang’s proposed counterclaim was served on Commvest prior to the service upon Our Gang of Commvest’s notice of dismissal. Further, it appears that Our Gang filed an amended motion for leave to file a counterclaim with a proposed counterclaim, rather than a counterclaim, due to the trial court’s previous order purporting to stay the “entire action.” Under these circumstances, the action should not have been dismissed.
As concerns the trial court’s nunc pro tunc order, the trial court had orally granted Commvest’s motion to dismiss Our Gang’s counterclaim on February 27, 1990. While Our Gang asserts that there were agreements between the parties as concerned this ruling, no signed agreement or stipulation is contained in the record. The nunc pro tunc order simply memorialized the court’s February 27, 1990, ruling, and thus was not in error. We note, however, that the trial court also has some responsibility to avoid such a long delay in memorializing its ruling.
Lastly, a question arose during oral argument regarding the effect of the February 27, 1990, order, in so far as it directed Commvest to deposit the subject funds into an escrow account or into the registry of the court. The parties submitted supplemental briefs on this issue. Because no property had been seized by the court or was in the custody of the court at the time *545 Commvest filed its voluntary dismissal, we have determined that Florida Rule of Civil Procedure 1.420(a)(1) is inapplicable.
REVERSED.
WARNER, J., and RICHARD Y. FEDER, Associate Judge, concur.