PER CURIAM.
The petitioner, Layne Dredging Company (Layne), seeks review of the trial court’s determination to enter orders after the complaint was voluntarily dismissed. We treat this proceeding, initiated with a petition for writ of prohibition,[1] as one seeking certiorari relief. See Tinsley v. McDonald, 378 So.2d 816 (Fla. 3d DCA 1979).
The plaintiff in this action, The CIT Group/Equipment Financing, Inc. (CIT), filed suit against several parties including Layne and the respondent, Regus, Inc. (Re-gus). After Regus answered the complaint, it served a motion to amend its answer to assert a crossclaim against Layne. A copy of the proposed crossclaim was not attached, nor were its contents described. CIT then served a notice of voluntary dismissal of its complaint pursuant to Florida Rule of Civil Procedure 1.420(a)(1)(A). The core problem in this case arose long after the voluntary dismissal was achieved, when the trial court entered an order permitting the filing of Re-gus’ crossclaim against Layne.
Our research has failed to disclose any authority which would sustain the trial *8 court’s actions. Any purpose the defendant Regus may have had to transfer its liability through a crossclaim to Layne was nullified at the moment when CIT accomplished the voluntary termination of its lawsuit.
Finally, Gull Construction Co. v. Hendrie, 271 So.2d 775 (Fla. 2d DCA 1973), and Our Gang, Inc. v. Commvest Securities, Inc., 608 So.2d 542 (Fla. 4th DCA 1992), are wholly inapposite. Those cases focused upon the survivability of counterclaims in the context of voluntary dismissals. A counterclaim, however, unlike a crossclaim, is not extinguished by a voluntary dismissal of the complaint. See Fla. R.Civ.P. 1.420(a)(2).
Accordingly, we grant the petition for writ of certiorari and quash the orders entered after the voluntary dismissal.
RYDER, A.C.J., and DANAHY and FRANK, JJ., concur.

. The trial judge was appropriately denominated as the respondent in the petition seeking prohibition. Because we treat this appeal as a certiorari proceeding, however, we have removed the name of the lower court judge from the style of the case. See Fla.R.App.P. 9.100(c)(3).