GODERICH, Judge.
The defendant, Felipe Paraud, appeals from an adverse final default judgment. We affirm.
In the instant case, the trial court entered an order granting the defendant’s motion to set aside a clerk’s default. The defendant then filed a motion to dismiss. Thereafter, on the plaintiffs’ motion, the trial court entered an order vacating its prior order setting aside the clerk’s default. The trial court conducted an eviden-tiary hearing on damages and entered a final default judgment in favor of the plaintiffs. The defendant’s appeal follows.
The defendant claims that the trial court erred by entering a final default judgment because it had not ruled on his pending motion to dismiss. We disagree.
When the trial court vacated the prior order setting aside the clerk’s default, the prior order was made void. Black’s Law DICTIONARY 1546 (7th ed.1999). Because the order was void, it had no legal effect. Black’s Law Dictionary 1568 (7th ed.1999). As such, the order that remained in effect was the original clerk’s default. Because the defendant’s motion to dismiss was filed after the entry of the clerk’s default, the trial court properly refused to consider it. Fla. R. Civ. P. 1.500.
We find that the defendant’s remaining points lack merit.
Accordingly, we affirm the entry of the default final judgment.