# Third District Court of Appeal

## State of Florida

Opinion filed May 4, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D14-2759
Lower Tribunal No. 13-23128

————————————

**Stephen Herbits,**
Appellant,

vs.

**The City of Miami,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Dubbin & Kravetz, LLP, and Samuel J. Dubbin, P.A., for appellant.

Victoria Méndez, City Attorney, John A. Greco, Deputy City Attorney, Christopher A. Green, Assistant City Attorney and Forrest L. Andrews, Assistant City Attorney, for appellee.

Before EMAS, FERNANDEZ and SCALES, JJ.

SCALES, J.

Appellant, plaintiff below, Stephen Herbits appeals the trial court's October 13, 2014 order vacating, for lack of jurisdiction, two prior orders entered by the trial court in Herbits's favor – one order granting mandamus relief and one order determining that Appellee, defendant below, City of Miami (the "City") was required to pay Herbits's attorney's fees. We affirm because the trial court lacked jurisdiction to enter any orders in this case during the pendency of Herbits's appeal of the trial court's December 5, 2013 final order.

## I. Facts and Procedural Background

On June 7, 2013, Herbits, through his counsel, served the City with a public records request (the "June 7th Request") pursuant to chapter 119 of the Florida Statutes. Herbits's June 7th Request sought copies of public records regarding a proposed development on Watson Island.

On July 2, 2013, Herbits's filed a chapter 119 lawsuit against the City, alleging that the City had violated Florida's Public Records Law by failing to timely provide him the records that had been requested in the June 7th Request. Herbits's lawsuit also sought an expedited hearing pursuant to section 119.11(1) of the Florida Statutes.

On or about July 12, 2013, the City produced records that the City asserted were responsive to the June 7th Request.

On July 19, 2013, the trial court held the expedited hearing, and, without expressly determining whether the City had complied with Herbits's public records request, entered an order that retained jurisdiction to determine, presumably at a later date: (i) the City's compliance with chapter 119, and (ii) whether Herbits was entitled to attorney's fees pursuant to section 119.12 of the Florida Statutes.

On October 10, 2013, Herbits filed a motion in the trial court captioned, "Plaintiff's Motion for Attorney's Fees and Costs Pursuant to Section 119.12(1), Florida Statutes and Other Relief" ("Herbits's Motion").

Herbits's Motion alleged, among other things, that: (i) the records the City had produced, in July 2013, were not fully-compliant with the June 7th Request; (ii) the City produced the records only after Herbits was forced to file the lawsuit; and (iii) Herbits was entitled to attorney's fees for the City's non-compliance with chapter 119. Herbits's Motion also requested that the trial court retain jurisdiction over the case ". . . to ensure the City fully complies with Chapter 119. . .".

The City filed a response to Herbits's Motion, and, on November 8, 2013, the trial court conducted an evidentiary hearing on Herbits's Motion. On December 5, 2013, the trial court entered an order captioned "Order Denying Plaintiff's Motion for Attorney's Fees and Costs" (the "December Order"), in which the trial court expressly held that the City had substantially, and timely, complied with the June 7th Request. The trial court also determined that Herbits was not entitled to

3

attorney's fees. Nowhere in the December Order does the trial court purport to retain any further jurisdiction of the case.

Herbits filed a motion for reconsideration of the trial court's December Order, which the trial court denied on December 24, 2013.

On January 2, 2014, Herbits timely appealed the December Order to this Court (case number 3D14-20). In his notice of appeal, Herbits characterized the trial court's December Order as a "final order." The parties briefed this Court on the appeal, conducted oral argument on March 25, 2015, and, on May 13, 2015, this Court issued its Opinion affirming the trial court's December Order. Our Mandate was issued on May 29, 2015.

Approximately two weeks after Herbits had filed his notice of appeal seeking appellate review of the trial court's December Order, Herbits, again through counsel, served the City with another public records request on January 14, 2014 (the "January 14th Request"). In the January 14th Request, Herbits sought copies of additional documents from the City related to the Watson Island project. The January 14th Request specifically identified previous public records requests to which, Herbits claims, the City had not adequately responded.

Then, on March 19, 2014, while Herbits's appeal of the trial court's December Order was still pending in this Court, Herbits filed a motion with the trial court alleging that the City had failed to comply with Herbits's January 14th

4

Request. Herbits's March 19, 2014 motion sought mandamus relief against the City and an expedited hearing under section 119.011 (the "Mandamus Motion"). Herbits did not request this Court to relinquish jurisdiction to allow the trial court to adjudicate Herbits's Mandamus Motion.

Presumably, under the impression that the trial court had jurisdiction to adjudicate the Mandamus Motion, the City filed a response to Herbits's Mandamus Motion, as well as a privilege log, and certain documents to be reviewed by the trial court *in camera*. In its filings, the City asserted, among other things, that the documents requested in the January 14th Request are exempt from disclosure pursuant to section 119.07(1)(d) of the Florida Statutes (i.e., the work-product/attorney-client privilege exemption).

The City did not challenge the jurisdiction of the trial court to hear Herbits's Mandamus Motion, and both parties, as well as the trial court, proceeded as if the trial court had continuing jurisdiction over the case.

On April 23, 2014, the trial court conducted a hearing on Herbits's Mandamus Motion, and on May 8, 2014 entered an Order Granting Writ of Mandamus (the "May 8th Mandamus Order"). The trial court's May 8, 2014 Mandamus Order essentially overruled the City's objections to disclosure, and determined that the City violated chapter 119 by asserting the objections to its production of the documents requested in the January 14th Request. On June 3,

5

2014, the trial court entered an order (the "June 3rd Attorney's Fee Order") finding that Herbits is entitled to attorney's fees for the City's violation.

About a week later, on June 9, 2014, the City – presumably finally realizing the trial court had been proceeding in the case without jurisdiction – filed a Motion to Vacate both the May 8th Mandamus Order and the June 3rd Attorney's Fee Order. The City's Motion to Vacate was based on two distinct theories: (a) Herbits's lawsuit alleged a public records violation solely in connection with Herbits's June 7th Request, while the trial court's two orders were based on Herbits's subsequent January 14th Request; and (b) Herbits's January 2, 2014 notice of appeal divested the trial court of jurisdiction over the case in which the two orders were entered.

On June 10, 2014, the trial court held a hearing on the City's Motion to Vacate, and on October 13, 2014 entered the order on appeal in this case (the "Vacatur Order"). The Vacatur Order vacated both the May 8th Mandamus Order and the June 3rd Attorney's Fee Order. The Vacatur Order does not expressly state the grounds upon which it is entered.

Herbits timely appealed the trial court's October 13, 2014 Vacatur Order.

**II. Standard of Review**

Because, in this case, the trial court's determination that it lacked jurisdiction was based purely on a question of law – as opposed to any disputed

facts – we review the trial court's Vacatur Order de novo. <u>Humana Med. Plan, Inc. v. Reale</u>, 180 So. 3d 195, 201 (Fla. 3d DCA 2015).

**III. Analysis**

Herbits's January 2, 2014 filing of his notice of appeal divested the trial court of jurisdiction to enter any further orders in this case. <u>Jory v. State</u>, 699 So. 2d 820, 822 (Fla. 5th DCA 1997). Any order entered by the trial court without jurisdiction is null and void. <u>See</u> <u>State v. Offill</u>, 837 So. 2d 533 (Fla. 2d DCA 2003).

No doubt the parties, and the trial court, treated the case as one in which the trial court had continuing jurisdiction; but jurisdiction cannot be bestowed upon a trial court by either stipulation or the parties' mistaken belief that jurisdiction was still vested in the trial court. <u>Rehrer v. Weeks</u>, 106 So. 2d 865, 867 (Fla. 2d DCA 1958); <u>see</u> <u>also</u> <u>Snider v. Snider</u>, 686 So. 2d 802, 804 (Fla. 4th DCA 1997).

To avoid the nullifying of the May 8th Mandamus Order and the June 3rd Attorney Fee Order, Herbits argues that his appeal of the trial court's December Order did not divest the trial court of jurisdiction to adjudicate the dispute raised in his March 2014 Mandamus Motion because that dispute was separate and independent from the dispute adjudicated in the court's December Order. In this

7

regard, Herbits essentially argues that the trial court's December Order is a "partial final judgment" as contemplated by Rule 9.110(k).[1]

Indeed, Rule 9.110(k) allows a party to appeal a "partial final judgment" in a case without affecting the trial court's jurisdiction to adjudicate the case's remaining claims. See Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559 (Fla. 3d DCA 2015). For a final order to be appealable as a "partial final judgment" under Rule 9.110(k), however, that final order must be entirely independent from *other pleaded claims*. Jensen v. Whetstine, 985 So. 2d 1218, 1220 (Fla. 1st DCA 2008); see also Cicco v. Luckett Tobaccos, Inc., 934 So. 2d 560, 561 (Fla. 3d DCA 2006).

Rule 9.110(k) is simply not applicable to this case. At the time Herbits appealed the trial court's December Order on January 2, 2014, no claim other than the one alleged in Herbits's July 2013 complaint – the one adjudicated in the

---

[1] Rule 9.110(k) reads, in its entirety, as follows:

> **Review of Partial Final Judgments.** Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent *with other pleaded claims*. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition. (emphasis added).

December Order – existed. Herbits had not yet served his January 14, 2014 public records request on the City, much less filed his March 2014 Mandamus Motion.

Additionally, that Herbits's January 14, 2014 public records request referenced alleged violations occurring prior to the trial court's entry of its December Order does not transform the nature of the December Order from a final order to a "partial final judgment."

The December Order adjudicated the entirety of the claim then pending before the trial court, and it was incumbent upon Herbits to appeal any and all portions of the December Order to which Herbits objected. See Lemon v. Groninger, 708 So. 2d 1025, 1026-27 (Fla. 5th DCA 1998).

Similarly, if alleged chapter 119 violations existed in 2014 that had not been pled in Herbits's July 2013 complaint and, thus, had not been adjudicated by the December Order, it was incumbent on Herbits to file a new lawsuit alleging such violations. The trial court had no jurisdiction to continue to adjudicate matters in the case after Herbits filed his notice of appeal; the trial court's resulting orders were therefore nullities.[2]

---

[2] We are not unsympathetic to the notion that our decision may effectively allow the City's alleged chapter 119 violation – as adjudicated in the trial court's Mandamus Order – to exist without the concurrent attorney fee award to which Herbits would otherwise be entitled. Well-established principles requiring the nullification of orders entered without jurisdiction, however, leave no room to fashion any alternate remedy. See Malone v. Meres, 109 So. 677, 683 (Fla. 1926) (". . . if [a court should] act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void.").

**IV. Conclusion**

The trial court was without jurisdiction to enter the May 8th Mandamus Order and the June 3rd Attorney's Fee Order; hence, these orders are nullities. Therefore, we affirm the trial court's October 13, 2014 Vacatur Order, vacating these orders.

Affirmed.