# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-786 & 3D15-2409
Lower Tribunal No. 11-16201

_____

**Jose Fernando De Matos Rebolledo, et al.,**
Appellants,

vs.

**Mireya Cristina Cambero Cordero,**
Appellee.

Appeals from non-final orders from the Circuit Court for Miami-Dade County, Sarah I. Zabel, Judge.

Brenda B. Shapiro; Mesa & Associates, P.A., and Manuel Arthur Mesa, for appellants.

Diaz, Reus & Targ, LLP, and Michael Diaz, Jr., Louis Martinez and Paola Sanchez Torres, for appellee.

Before SUAREZ, C.J., and WELLS and SCALES, JJ.

SCALES, J.

In these consolidated appeals, Appellant Jose Fernando de Matos Rebolledo ("Husband") challenges two trial court orders: (i) a September 17, 2015 order awarding Appellee Mireya Cristina Cambero Cordero ("Wife") monthly temporary support payments of $50,000 and a retroactive support payment of $668,037 (the "Support Order"); and (ii) a March 24, 2016 order finding Husband in contempt for failing to pay Wife the sums awarded in the Support Order (the "Contempt Order"). We consolidated Husband's appeals of the two orders, and quash both orders because the trial court lacked jurisdiction to enter either order.

## I. Relevant Facts and Procedural History

Husband and Wife were married on April 5, 2003. In May of 2011, Wife filed a divorce petition in the Miami-Dade Circuit Court, and in June of 2011, Husband filed a counter-petition. The following month, Wife voluntarily dismissed her divorce petition, leaving only Husband's counter-petition pending in the circuit court. In February of 2012, after Wife had filed no responsive pleading to Husband's counter-petition, Husband filed a motion seeking a clerk's default on his counter-petition. A default was entered against Wife on April 23, 2012.

On August 19, 2014, pursuant to rules 1.500(d) and 1.540(b) of the Florida Rules of Civil Procedure, Wife filed a motion to set aside the April 23, 2012 default. Appended to her motion as an exhibit was a proposed answer to Husband's June 2011 counter-petition as well as a proposed counterclaim to Husband's

counter-petition. Wife set her motion to lift the default for hearing on September 5, 2014.

On September 4, 2014, the eve of the scheduled hearing on Wife's motion to lift the default, Husband filed a notice of voluntary dismissal, dismissing his June 2011 counter-petition. At the September 5, 2014 hearing on Wife's motion, Husband asserted that his September 4, 2014 voluntary dismissal had terminated the case and, thus, divested the circuit court of any further jurisdiction over the case.

The circuit court disagreed with Husband's jurisdictional argument, and on December 17, 2014, entered an order lifting the April 23, 2012 default. The trial court's order gave Wife thirty days to file a response to Husband's June 2011 counter-petition. Shortly thereafter Wife filed her response to Husband's June 2011 counter-petition.[1]

On March 25, 2015, Wife filed a motion seeking temporary support pursuant to section 61.071 of the Florida Statutes, and in August of 2015, the trial court held a hearing resulting in the entry of the September 2015 Support Order. Husband timely appealed the Support Order (case number 3D15-2409). After Husband did not pay the sums pursuant to the Support Order, the trial court entered the

---

[1] While not relevant to our holding, the record is unclear as to why the trial court gave Wife thirty days to file a response to Husband's June 2011 counter-petition, rather than simply accepting the proposed answer and counterclaim that were appended as exhibits to Wife's motion to lift the default.

Contempt Order in March of 2016, which Husband also timely appealed (case number 3D16-786).[2] We consolidated the appeals.

## II. Issue on Appeal and Standard of Review

While both Husband and Third-Party Appellants assert an array of challenges to the orders on appeal, we need address only the one dispositive issue raised by the parties: whether the trial court retained jurisdiction over this case after Husband's September 4, 2014 voluntary dismissal. Because this issue involves a pure question of law, we review de novo the trial court's decision that it retained jurisdiction. Herbits v. City of Miami, 197 So. 3d 575, 578 (Fla. 3d DCA 2016). We conclude that Husband's September 4, 2014 voluntary dismissal divested the trial court of jurisdiction.

## III. Analysis

Relying on Gull Construction Co. v. Hendrie, 271 So. 2d 775 (Fla. 2d DCA 1973) and Our Gang, Inc. v. Commvest Securities, Inc., 608 So. 2d 542 (Fla. 4th DCA 1992), Wife argues, and the trial court concluded, that Wife's August 2014 motion to have the default lifted is tantamount to a motion seeking leave to file an amended pleading. Therefore, Wife argues that her motion – like the motions in

---

[2] The Contempt Order made several findings that allegedly affect the interests of several corporations in which Husband allegedly had some interest. These corporations – Colonnade 101 SE, Inc., Colonnade 119 SW, Inc., Colonnade 318 SW, Inc., Colonnade 116 SE, Inc., and Colonnade 115 SW, Inc. – have joined Husband as "Third-Party Appellants" in challenging the Contempt Order.

4

Gull Construction Co. and Our Gang, Inc. – stayed the effect of Husband's voluntary dismissal. Indeed, Gull Construction Co. and its progeny stand for the proposition that a party's pending motion to amend that party's pleadings to assert a counterclaim stays the effect of a later filed voluntary dismissal. Our Gang, Inc., 608 So. 2d at 543; Siler v. Lumbermens Mut. Cas. Co., 420 So. 2d 357, 358 (Fla. 5th DCA 1982); Ryder Sys., Inc. v. O'Connor, 369 So. 2d 980, 981 (Fla. 4th DCA 1979); Gull Constr. Co., 271 So. 2d at 776.

Those cases, however, are inapposite: in none of those cases has the party filing the motion to amend already been defaulted. In this case, default was entered against Wife on April 23, 2012. By virtue of this default, Wife was precluded from filing anything in the trial court except a motion to have the default lifted. Smith v. Rheaume, 623 So. 2d 625, 626 (Fla. 5th DCA 1993). Any other purported filings by Wife were a nullity. Paraud v. Suncoast E. No. 2, Inc., 785 So. 2d 688, 689 (Fla. 3d DCA 2001) (Mem). Hence Wife's procedural posture in this case is fundamentally different from that of the parties in Gull Construction Co. and Our Gang, Inc. The movants in those cases had sought leave to amend a filed pleading when the other party's dismissal notice was filed. Here, Wife had filed no pleadings in the case, resulting in the default being entered against her.

The only motion pending when Husband filed his dismissal was Wife's motion to lift the default. This motion became moot when Husband filed his

voluntary dismissal on September 4, 2014. See 84 Lumber Co. v. Cooper, 656 So. 2d 1297, 1299-300 (Fla. 2d DCA 1994). Husband's voluntary dismissal ended the case, depriving the trial court of any further jurisdiction over the case. Stone v. Stone, 691 So. 2d 649 (Fla. 3d DCA 1997) (Mem). Therefore, any and all orders entered after the trial court was divested of jurisdiction were void. Herbits, 197 So. 3d at 578. While, notwithstanding Husband's dismissal, the trial court and the parties proceeded as if the trial court continued to have jurisdiction over the case, it is well settled that parties cannot confer jurisdiction where none exists. Strommen v. Strommen, 927 So. 2d 176, 179 (Fla. 2d DCA 2006).

## IV. Conclusion

Husband's September 4, 2014 voluntary dismissal terminated this case and divested the trial court of jurisdiction to adjudicate any further matters in this case. We therefore quash the orders on appeal and all other orders entered by the trial court after jurisdiction was divested.[3]

Orders on appeal quashed.

---

[3] We express no opinion regarding any other issues raised by the parties.