# Third District Court of Appeal

## State of Florida

Opinion filed April 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-509
Lower Tribunal No. 12-2515

_____

**Fersom Mortgage, Inc.,**
Appellant,

vs.

**Carlos E. Moreno and Emira Moreno,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Rodolfo A. Ruiz, Judge.

Walton Jones + Browne, and Carla A. Jones and Holly M. Hamilton, for appellant.

Loan Lawyers, LLC, and Chase E. Jenkins (Ft. Lauderdale), for appellees.

Before SUAREZ, SALTER, and LINDSEY, JJ.

SUAREZ, J.

This is an appeal from a final order dismissing Appellant Fersom Mortgage, Inc.'s crossclaim for lack of jurisdiction. Because we find that Fersom's

crossclaim survived dismissal of the main foreclosure action, we reverse and remand for further proceedings.

In January 2012, The Bank of New York Mellon ("BNY"), the first mortgage lender, brought a foreclosure action against Appellees/Homeowners Carlos and Emira Moreno. Fersom had a second, separate mortgage on the property and was joined as a party. In May 2013, Fersom filed a crossclaim for foreclosure of its second mortgage and paid the crossclaim filing fee. The Homeowners were duly served, and they filed an answer and affirmative defenses in response to the crossclaim. In May 2014, following mediation between BNY and the Homeowners, BNY filed a voluntary dismissal of the main action.

In September 2016, Fersom filed a motion for final judgment. In response, the Homeowners filed a motion to amend their answer to Fersom's crossclaim, which was granted. After filing their amended answer, the Homeowners filed a motion to dismiss Fersom's crossclaim for lack of subject-matter jurisdiction. In their motion to dismiss, the Homeowners, relying on Layne Dredging Co. v. Regus, Inc., 622 So. 2d 7 (Fla. 2d DCA 1993), argued that Fersom's crossclaim did not survive BNY's voluntary dismissal. The trial court agreed and dismissed Fersom's crossclaim, citing Layne Dredging. This appeal follows.

The issue before us is whether BNY's voluntary dismissal of the main foreclosure action extinguished the trial court's subject-matter jurisdiction as to

Fersom's crossclaim. We hold that it did not; Fersom's crossclaim survived. Both the Homeowners' and the trial court's reliance on Layne Dredging is misplaced. In Layne Dredging, the Second District held that the trial court erred when it entered an order permitting the filing of a crossclaim "long after" voluntary dismissal of the main claim. Here, however, Fersom filed its crossclaim, paid its filing fee, served the Homeowners, and the Homeowners filed an answer before BNY filed its Notice of Voluntary Dismissal. Moreover, the court in Layne Dredging suggested that the crossclaim there "was purely derivative, so as to disappear with the dismissal of the main claim." Bruce J. Berman & Peter D. Webster, Fla. Prac., Civil Procedure § 1.420:8 n.4 (April 2018 update) (citing Layne Dredging, 622 So. 2d at 8 ("Any purpose the defendant [crossclaimant] may have had to transfer its liability through a crossclaim . . . was nullified at the moment when [plaintiff] accomplished the voluntary termination of its lawsuit.")). In contrast, the crossclaim here does not appear to depend on the survival of the main claim.

In Bird Lakes Dev. Corp. v. Velez, 846 So. 2d 555 (Fla. 3d DCA 2003), this Court held that both a crossclaim and third party claim survived dismissal of the main action because none of the pleadings or orders entered in connection with the dismissal referred to the crossclaim or the third party claim. The same is true here.

3

The voluntary dismissal only addressed BNY's foreclosure action; it did not address Fersom's crossclaim.

Because Fersom's crossclaim was filed before the voluntary dismissal and the voluntary dismissal did not address the action between Fersom and the Homeowners, the trial court had subject-matter jurisdiction over Fersom's crossclaim.[1]  We therefore reverse and remand for further proceedings.

Reversed and remanded.

---

[1] Although the case law in this state is sparse with respect to this issue, courts in other jurisdictions have reached similar conclusions.  For instance, in Jennette Fruit & Produce Co., Inc. v. Seafare Corp., 331 S.E. 2d 305, 307–08 (N.C. Ct. App. 1985), the Court of Appeals of North Carolina held as follows:

> We perceive no valid or compelling reason to dismiss a crossclaim over which the courts of this state have jurisdiction merely because the plaintiff's original claim against the crossclaiming defendant has been dismissed. To hold otherwise would needlessly force a defendant who has filed a proper crossclaim concerning a matter governed by state law to refile its claim as a new action. This would require additional time and expense, including court costs and counsel fees. Further, absent adoption of "relation-back" principles which could unnecessarily complicate the litigation, it could result in the time-barring of claims once timely filed. Such a holding would elevate form over substance.